IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20066-28-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| JAMES STALLINGS, | ) | No. 16-2302-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion To Vacate Sentence Pursuant To Title 28 U.S.C. § 2255(f)(3) (Doc. #1940) filed May 12, 2016. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

**Factual Background**

On October 3, 2012, a grand jury charged James Stallings and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1. On June 5, 2013, defendant pled guilty.[1] On March 18, 2014, the Court sentenced defendant to 176 months in prison.[2]

---

[1] The grand jury also charged Stallings with five additional counts involving drug distribution and maintaining a drug involved premises. See Second Superseding Indictment (Doc. #402), Count 21, 25, 37, 43 and 112. At sentencing, the Court dismissed these remaining counts.

[2] At sentencing, the Court found a base offense level of 36 because the offense involved at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. U.S.S.G. § 2D1.1; see Presentence Investigation Report (Doc. #1276) filed February 10, 2014, ¶ 103. The Court added two levels because defendant possessed a firearm during the offense, U.S.S.G. § 2D1.1(b)(1), and added
(continued...)

On May 12, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that under Johnson v. United States, 135 S. Ct. 2551 (2015), he is entitled to a reduced sentence.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant argues that he is entitled to relief under Johnson. In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.[3]  135 S. Ct. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016).

---

[2](...continued)
two levels because he maintained a residence in part to manufacture, store and distribute cocaine and crack cocaine, U.S.S.G. § 2D1.1(b)(12). The Court subtracted three levels because defendant timely accepted responsibility. U.S.S.G. § 3E1.1. Defendant's total offense level was 37, with a criminal history category VI, which resulted in a guideline range of 360 months to life. See Presentence Investigation Report (Doc. #1276) ¶ 205. At sentencing, in anticipation that Sentencing Guidelines Amendment 782 would become effective November 1, 2014, the parties jointly recommended that the Court reduce defendant's offense level by two levels. See Post-Conviction Agreement (Doc. #1404) filed March 18, 2014. At an offense level 35, criminal history category VI, defendant's guideline range was 292 to 365 months in prison.

[3]     Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Likewise, the definition of a "crime of violence" under Section 924(c) includes a similar residual clause for a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Although the two clauses are similar, Johnson only addressed the validity of the residual clause in Section 924(e)(2)(B)(ii).

Defendant argues that based on the reasoning in Johnson, this Court improperly relied on "prior State convictions" to over-represent his criminal history under the Guidelines. Doc. #1940 at 1. Defendant had a total of 15 criminal history points, which placed him in a Criminal History Category VI before consideration of the career offender guideline. See Presentence Investigation Report (Doc. #1276) ¶ 138. Furthermore, the Court did not enhance defendant's offense level based on the career offender guideline. See id., ¶¶ 103-13, 120-39. In particular, the Court determined defendant's base offense level based on the quantity of cocaine base, his possession of a firearm during the offense and his maintenance of a residence in part to manufacture, store and distribute cocaine and crack cocaine. See id., ¶¶ 103-05.[4] In sum, because the Court did not rely on any Guidelines provision which requires a conviction of a "violent felony" or other similar convictions, Johnson has no potential impact in this case. Accordingly, the Court overrules defendant's motion to vacate his sentence based on Johnson.

Defendant also contends that counsel provided ineffective assistance for failing to object to use of certain prior convictions in calculating his Guidelines range. The government asserts that to the extent that the claim is not based on Johnson, it is untimely. See Government's Response To Defendant's Motion To Vacate Sentence (Doc. #1962) at 3. Section 2255 provides a one-year

---

[4] The Presentence Investigation Report (Doc. #1276) and the Statement Of Reasons (Doc. #1401) note defendant's status as a career offender, but that classification was immaterial. Defendant's adjusted offense level of 40 was higher than the offense level of 37 under the career offender guideline. See U.S.S.G. § 4B1.1(b). In addition, as explained above, defendant had a Criminal History Category VI based solely on his criminal history points.

In any event, even if defendant could show that the Court relied on his classification as a career offender, his two prior felony convictions involving "controlled substances" were sufficient to trigger his status as a career offender. U.S.S.G. § 4B1.1(a)(3); see Presentence Investigation Report (Doc. #1276) ¶¶ 129, 133.

period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. Here, defendant's judgment became final on April 2, 2014. Therefore defendant had until April 2, 2015 to file a motion to vacate under Section 2255.

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Because Johnson does not apply and defendant has not alleged other grounds to toll the one-year deadline, the Court overrules his claim of ineffective assistance as untimely.[5]

### Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by

---

[5] Defendant's claim also lacks substantive merit. Defendant challenges the use of certain misdemeanor crimes in the calculation of his criminal history score. Under the Guidelines, the Court counts all sentences for misdemeanors and petty offenses unless they are specifically excluded. See U.S.S.G. § 4A1.2(c). Theft is not an excluded misdemeanor. It therefore is properly counted under Section 4A1.1(c). Even if defendant could show that his criminal history points were less than 13, his criminal history category remains VI because he is a career offender based on his two prior felony convictions involving "controlled substances." See supra note 4. Accordingly, he cannot show that counsel's failure to object to his prior convictions was deficient or prejudicial.

Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Sentence Pursuant To Title 28 U.S.C. § 2255(f)(3) (Doc. #1940) filed May 12, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[6] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 26th day of July, 2016 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                           United States District Judge